UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILMA PENNINGTON THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 1076 CDP |
| | ) | |
| ONEMAIN FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant OneMain Financial Group, LLC, removed this consumer action from Missouri state court, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. Because the face of plaintiff's state-court petition clearly and unequivocally alleges a violation of a federal statute, namely the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, federal subject-matter jurisdiction exists over the case, and I will deny plaintiff's motion to remand the case to state court. I will grant OneMain's motion to compel arbitration and stay proceedings and, further, will administratively close this case pending arbitration.

Motion to Remand

On May 26, 2026, plaintiff Wilma Pennington Thurman filed this action in the Circuit Court of St. Louis City, Missouri, alleging that defendant OneMain unlawfully misrepresented the nature of a loan she obtained through OneMain, misapplied payments on the loan, misrepresented the effect deferment would have

on the loan, and added insurance products to the loan without her consent. Thurman also asserts that OneMain reported false credit information by reporting a new balance on the account after it had been "charged-off" and, further, failed to report accurate information to credit bureaus. Thurman alleges that OneMain's conduct violated the Fair Credit Reporting Act (FCRA), the Missouri Merchandising Practices Act (MMPA), and Missouri common law. OneMain removed the case to this Court on July 10, 2026. Thurman now moves to remand the case for lack of federal subject-matter jurisdiction, averring that she "disclaims" any federal causes of action and that diversity jurisdiction is lacking.

The face of Thurman's state-court petition clearly and unequivocally alleges a violation of a federal statute, namely the FCRA. (*See* ECF 3, Petn. at ¶¶ 19, 38, 41.) This Court therefore has federal subject-matter jurisdiction over the case. *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (removal based on federal question jurisdiction established "if a federal question is presented on the face of the plaintiff's properly pleaded complaint"). To the extent Thurman avers in her motion to remand that she explicitly disclaims any federal causes of action, I look to the petition at the time of removal to determine the existence of federal subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). Because Thurman's petition at the time of removal presented a federal question on its face, and indeed continues to do so, federal subject-matter jurisdiction exists over the action.

I will therefore deny Thurman's motion to remand this case to state court.

Motion to Compel Arbitration

Having determined that this Court has subject-matter jurisdiction over the case, I turn to OneMain's motion to compel arbitration. Thurman opposes the motion, arguing that OneMain waived its right to compel arbitration by actively litigating this case and, further, that the underlying contract itself is unenforceable thereby rendering its arbitration clause void. I reject Thurman's arguments and will compel arbitration.

When ruling on a motion to compel arbitration, my consideration is limited to "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, *i.e.*, whether the dispute falls within the scope of the arbitration agreement." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). *See also Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016); *Klutho v. JK Powerhouse LLC*, 542 F. Supp. 3d 893, 896 (E.D. Mo. 2021). Those questions may be delegated to the arbitrator to decide, however, if the parties clearly and unmistakenly intend for that delegation. *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877 (8th Cir. 2009). The act of incorporating into an arbitration provision the American Arbitration Association's (AAA's) Commercial Rules of Arbitration provides "clear evidence" of the parties' intent to incorporate the delegation provision contained those Rules. *Id.* at 878; *Klutho*, 542 F. Supp. at 897.

The parties' Loan Agreement here contains an arbitration clause that unequivocally incorporates AAA's Arbitration Rules and Mediation Procedures, which necessarily includes AAA Rule 7. (*See* Agrmt. pt. C, ECF 7-1 at p. 5.) Under Rule 7,

> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.
>
> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the ontract is null and void shall not for that reason alone render invalid the arbitration clause.

AAA Com. Arb. Rules & Mediation Procs. (amended and effective Sept. 1, 2022), *available at* https://www.adr.org/media/ueonklrv/2026_commercial-arbitration-rules-mediation-procedures.pdf. Accordingly, Thurman's argument that I may not compel arbitration because the Loan Agreement and the arbitration clause therein are invalid is foreclosed by AAA Rule 7(a) and (b), which provide for the arbitrator to rule "any objections with respect to the . . . validity of the arbitration agreement" and "to determine the . . . validity of a contract of which an arbitration clause forms a part." Moreover, because Rule 7(a) gives the arbitrator the power to rule on the arbitrability of any claim, whether the disputes raised in this action relate to the Loan Agreement and are thus arbitrable is a question likewise within the jurisdiction

of the arbitrator.

Thurman also argues that OneMain waived its right to compel arbitration by actively invoking the judicial machinery, which she contends occurred when OneMain removed the case to federal court instead of immediately seeking arbitration in state court. I disagree.

Arbitration is a waivable contractual right, *Messina v. North Cent. Distrib., Inc.*, 821 F.3d 1047, 1050 (8th Cir. 2016), meaning that it can be intentionally relinquished or abandoned. *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, 76 F.4th 1093, 1099-1100 (8th Cir. 2023) (defining "waiver" as the "intentional relinquishment or abandonment of a known right") (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022)). To determine whether waiver has occurred, courts apply the following two-prong inquiry: (1) whether that party "knew of an existing right to arbitration" and (2) whether the party "acted inconsistently with that right." *Breadeaux's Pisa, LLC v. Beckman Bros., Ltd.*, 83 F.4th 1113, 1117 (8th Cir. 2023). *See also In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 613 (8th Cir. 2024) (explaining that prejudice to the opposing party is not part of the inquiry). A party acts inconsistently with its right to arbitrate when it "substantially invoke[s] the litigation machinery," *id.* at 615, such as filing a lawsuit on arbitrable claims, engaging in extensive discovery, or failing to move to compel arbitration and stay litigation in a timely manner. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1087 (8th Cir. 2021). "[A]ny doubts concerning waiver of arbitrability should

be resolved in favor of arbitration." *Id.*

Here, Thurman filed this action in state court on May 26, 2026. OneMain was served with the state-court petition on June 16. Within four weeks of service, OneMain removed the case to this Court, as it was permitted to do under 28 U.S.C. § 1446, whereupon it moved to compel arbitration seven days later. No other action occurred in the case in the five-week period between service of process and the motion to compel arbitration, other than Thurman filing her motion to remand. As no substantive action to advance or develop the case on its merits had yet occurred in this litigation (*e.g.*, no case management order had been entered and discovery had not begun), and OneMain filed its motion to compel arbitration within the time required to respond to Thurman's petition (*see* Fed. R. Civ. P. 81(c)(2)(C) (defendant to present defenses to removed petition within 7 days of removal)), I do not find that OneMain acted inconsistently with its right to seek arbitration. It neither moved to compel arbitration in an untimely manner nor engaged in litigation conduct so "substantial" as to result in waiver. *Breadeaux's Pisa*, 83 F.4th at 1117.

Accordingly, I reject Thurman's arguments that OneMain cannot seek arbitration in this action, and I will order this case referred to arbitration in accordance with the Loan Agreement's arbitration clause and, further, will stay the case pending arbitration. As no other matter remains before the Court for determination, I will direct the Clerk of Court to administratively close this case, subject to the right of the parties to move to reopen it, if appropriate, upon

completion of arbitration.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Wilma Pennington Thurman's Motion to Remand [4] is **DENIED.**

**IT IS FURTHER ORDERED** that defendant OneMain Financial Group, LLC's Motion to Compel Arbitration and to Stay Proceedings [6] is **GRANTED**, and the parties are directed to arbitration under the arbitration clause of the Loan Agreement at issue in this case.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case, subject to the right of the parties to move to reopen it, if appropriate, upon completion of arbitration.

Catherine D Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2026.